IN THE UNITED STATES DISTRICT COUT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ashley Ott *individually and on* *Behalf of all others similarly situated,* | ) ) ) | Case No. |
| Plaintiff, | ) ) | Judge: |
| -vs- | ) ) | |
| Bumble, Inc. | ) ) | |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Now comes Plaintiff, Ashley Ott ("Plaintiff"), on behalf of herself and all other similarly situated, through Counsel, and pursuant to Fed. R. Civ. P. 23, against Defendant, Bumble, Inc. ("Bumble" or "Defendant"), its subsidiaries and affiliates, to redress and curtail Defendant's unlawful collections, obtainments, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric identifiers and/or biometric information (collectively referred to herein as "biometric data" and/or "biometrics"). Plaintiff alleges as follows upon personal knowledge as to herself, her own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Defendant, Bumble is a corporation which operates as an online, "app-based" platform wherein individuals can match with others and form social connections with other individuals in their area.

2. Plaintiff opened a Bumble account on or around October, 2021.

- 1 -

3. As part of signing up, and/or gaining access to her Bumble account, Plaintiff was required to upload a picture of a real time portrait of Plaintiff's face, i.e. a "selfie." in order to take part in Bumble's photo verification process.

4. Bumble scans the "selfie" photograph, creates a biometric template of the user's face, and compares the user's facial biometrics to the photographs on the user's profile to confirm whether they match.

**Profile Verification Information (Including Biometric Information)**

For safety and security and to ensure you have the best possible user experience, we require Users to verify their accounts and might ask for your phone number and, in some instances, we might also ask that you carry out photo verification. We want to make sure you are not a robot! And we also want to avoid fake Bumble accounts being created which can be used for malicious activities and cybercrime – they threaten the Bumble network and spoil things for everyone. This verification might be required by us for the prevention of fraud. You can also verify your photo on a voluntary basis (to add the blue 'verified' badge to your profile).

If you choose to verify your profile photo, we will scan each photo that you submit. The scan may include the use of facial recognition technology so that we can compare the photo you submit to your profile photo, to help ensure that you are who you say you are. We do not add the verification photos to your profile. We retain the scans so that we can verify you in the future and for our record-keeping purposes until we no longer need them for such purposes or for three years after your last interaction with us, whichever occurs first. After the applicable retention period expires, we take commercially reasonable steps to permanently and securely delete the scans from our systems.

5. Bumble collects, stores, possesses, otherwise obtains, uses, and disseminates its users' biometric data to, amongst other things, further enhance Bumble and its online "app-based" platform.

6. Bumble wrongfully profits from the facial scans it has collected or otherwise obtained from its users.

7. Facial geometry scans are unique, permanent biometric identifiers associated with each user that cannot be changed or replaced if stolen or compromised. Bumble's unlawful

collection, obtainment, storage, and use of its users' biometric data exposes them to serious and irreversible privacy risks. For example, if Bumble's database containing facial geometry scans or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed, Bumble users have no means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

8. The Illinois legislature enacted BIPA to protect residents' privacy interests in their biometric data. *See Heard v. Becton, Dickinson & Co*., 440 F. Supp. 3d 960, 963 (N.D. Ill. 2020), citing *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, 432 Ill. Dec. 654, 129 N.E.3d 1197, 1199 (2019).

9. Courts analogize an individual's privacy interest in her unique biometric data to her interest in protecting her private domain from invasion, such as from trespass. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 624 (7th Cir. 2020), as amended on denial of reh'g and reh'g en banc, (June 30, 2020) and opinion amended on denial of reh'g en banc, 2020 U.S. App. LEXIS 20468, 2020 WL 6534581 (7th Cir. 2020).

10. In recognition of these concerns over the security of individuals' biometrics – particularly in the City of Chicago, which has been selected by major national corporations as a "pilot testing site[] for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias" (740 ILCS 14/5(b)) – the Illinois Legislature enacted the BIPA, which provides, inter alia, that a private entity like Bumble may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written release from

the person for the collection of his or her biometric identifiers or information; and (4) publishes publicly-available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b).

11. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." Id.

12. Specifically, upon information and belief, Bumble has created, collected, and stored millions of "face templates" – highly detailed geometric maps of the face – from countless Illinois residents whose selfies and photos were collected by Bumble. Each face template that Bumble extracts is unique to a particular individual in the same way that a fingerprint or voiceprint uniquely identifies one, and only one specific person.

13. Bumble is a "private entity" as that term is broadly defined by BIPA and Bumble is subject to all requirements of BIPA. *See* 740 ILCS § 14/10.

**JURISDICTION AND VENUE**

14. This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 et seq.) brought pursuant to Fed. R. Civ. P. 23 seeking statutory and actual damages.

15. Venue is proper in this Court because a substantial amount of the acts and omissions giving rise to this Action occurred within this judicial district.

16. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Plaintiff and the proposed class members are all residents of Illinois, Bumble is a foreign resident, and the amount in controversy exceeds $75,000.

17. This Court has jurisdiction over this dispute pursuant to the Class Action Fairness Act ("CAFA") because the prospective class includes over 100 people and the amount in controversy exceeds $5,000,000.

18. At all relevant times, Plaintiff is a resident of the state of Illinois and the violations of BIPA as detailed herein occurred while Plaintiff was located in Illinois.

19. At all relevant times, Bumble is incorporated under the laws and jurisdiction of Delaware, and Bumble's principal place of business is located at 1105 West 42st St, Austin, Texas, United States, 78756. *See Heinen v. Northrop Grumman*, 671 F.3d 669, 670 (7th Cir. 2012); *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co.*, 759 F.3d 787, 788 (7th Cir. 2014).

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

20. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

21. Plaintiff opened a Bumble account on or around October 1st, 2021.

22. As part of signing up, and/or gaining access to her Bumble account, Plaintiff was required to upload a picture of a real time portrait of Plaintiff's face, i.e. a "selfie."

23. Bumble then scanned Plaintiff's "selfie" photograph, creating a biometric template of the Plaintiffs face and biometric identifiers, and compared the Plaintiff's biometric identifiers to the photographs on her dating profile to confirm whether they match.

# Profile Verification Information (Including Biometric Information)

> For safety and security and to ensure you have the best possible user experience, we require Users to verify their accounts and might ask for your phone number and, in some instances, we might also ask that you carry out photo verification. We want to make sure you are not a robot! And we also want to avoid fake Bumble accounts being created which can be used for malicious activities and cybercrime – they threaten the Bumble network and spoil things for everyone. This verification might be required by us for the prevention of fraud. You can also verify your photo on a voluntary basis (to add the blue 'verified' badge to your profile).
>
> If you choose to verify your profile photo, we will scan each photo that you submit. The scan may include the use of facial recognition technology so that we can compare the photo you submit to your profile photo, to help ensure that you are who you say you are. We do not add the verification photos to your profile. We retain the scans so that we can verify you in the future and for our record-keeping purposes until we no longer need them for such purposes or for three years after your last interaction with us, whichever occurs first. After the applicable retention period expires, we take commercially reasonable steps to permanently and securely delete the scans from our systems.

24. In other words, Bumble collected and retained biometric information for the purpose of verifying Plaintiff's identity prior to opening a Bumble account in Plaintiff's name.

25. At the time of collecting and retaining Plaintiff's biometric information, Bumble had no written policy made available to the public definitively and specifically establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Bumble, whichever occurs first.

26. Ostensibly, the purpose of Bumble's collection of Plaintiff's biometric information was to verify Plaintiff's identity prior to opening a Bumble account in Plaintiff's name.

27. As such, Plaintiff's biometric information should have been permanently destroyed by Bumble following the opening of Plaintiff's Bumble account.

28. However, Bumble failed to permanently destroy Plaintiff's biometric information following the opening of Plaintiff's Bumble account and instead retained Plaintiff's biometric information.

29. Instead, Bumble simply instructed Plaintiff to upload her "selfie" and partake in the photo verification portion as part of the overall account opening process.

30. As such, Bumble's retention of Plaintiff's biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

31. During the photo verification process, Bumble did not inform Plaintiff in writing of the specific purpose and length of term for which his biometric information as being collected, stored, and used.

32. Bumble collected, stored, and used Plaintiff's biometric information without ever receiving a written release executed by Plaintiff which would consent to or authorize Bumble to do the same.

33. Additionally, Bumble disclosed, redisclosed, or otherwise disseminated a Plaintiff's information (1) without Plaintiff's consent; (2) without Plaintiff's authorization to complete a financial transaction requested or authorized by; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

34. Bumble lists "biometric information" as part of the definition of the Personal Information as defined by the California Consumer Privacy Act (CCPA) they collect and store from their users:

For Users who are California residents, the data we may collect falls within the following categories of "personal information", as defined by the California Consumer Privacy Act (CCPA):
- A. Identifiers, such as name and location;
- B. Personal information, as defined in the California customer records law, such as contact (including email and telephone number) and financial information;
- C. Characteristics of protected classifications under California or federal law (if you choose to provide them), such as age, gender identity, marital status, sexual orientation, race, ancestry, national origin, religion, and medical conditions;
- D. Commercial information, such as transaction information and purchase history;
- E. Biometric information;
- F. Internet or network activity information, such as browsing history and interactions with our Sites and App;
- G. Geolocation data, such as mobile device location;

- H. Audio, electronic, visual and similar information, such as photos and videos;
- I. Professional or employment-related information, such as work history and prior employer;
- J. Non-public education information; and
- K. Inferences drawn from any of the personal information listed above to create a profile or summary about, for example, an individual's preferences and characteristics.

35. Bumble's Privacy Policy goes on to list other ways in which it uses its users' Personal Information including dissemination to multiple broad categories of third parties to which it discloses users' personal information, including biometric information:

| Purpose for which data is used | Data | Source | Legal basis |
|---|---|---|---|
| To provide you with the Bumble social networking service | Name, email address, date of birth, location (CCPA Categories A and B) | You provide your name, email address and date of birth to us. We obtain location data from the device that you use to access the service | Contractual necessity |
| To facilitate networking opportunities on the Bumble App | Optional information that you choose to provide in your profile, including through profile verification, or adding Bumble badges, which may include information about your sexual preferences, non-binary gender, religion, ethnic background, photos, interests, etc. (CCPA Categories B, C, H, I, J) | You provide this information to us | Contractual necessity and our legitimate interests – it is in our legitimate interests to facilitate networking opportunities in the Bumble app. For special category/sensitive personal data, we rely on your explicit consent. |
| To verify your identity and | Phone number and if requested or permitted, | You provide this | Legitimate interests – it is in |

| | | | |
|---|---|---|---|
| prevent fraud and to ensure the safety and security of Users | photo provided as part of profile verification and for users based in countries where age verification is required by law: photo of Government ID + geolocation and device information (CCPA Categories A, B, C, E, F, G and H) | information to us, except for the geolocation and device information, which we obtain from the device that you use to access the service | our legitimate interests to ensure that accounts are not set up fraudulently and to safeguard Users of the site |
| To take payment for premium services (not applicable for Users making payments via the Apple App Store) | Payment card details (CCPA Categories B and D) | You provide this information to us | Contractual necessity |
| To send you marketing information about our events, offers and services | Name, email address, postal address, Instagram handle and mobile phone number (CCPA Categories A and B) | You provide this information to us | Consent or legitimate interests and in accordance with the laws applying to our marketing activities. We have a legitimate interest in promoting our business and products |

36. Bumble's collection and retention of biometric information as described herein is not unique to Plaintiff and is instead part Bumble policy and procedures which Bumble applies to all of its users, including the Class Members.

**RULE 23 CLASS DEFINITIONS AND ALLEGATIONS**

37. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

38. Plaintiff brings Claims for Relief in violation of BIPA as a class action under Rule 23(a), (b)(2) and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following Rule 23 Class:

> **All Illinois residents who had their biometric information collected by Bumble at any point in the five (5) years preceding the filing of this Complaint.**

39. In the alternative, and for the convenience of this Court and the parties, Plaintiff may seek to certify other subclasses at the time the motion for class certification is filed.

40. **Numerosity (Rule 23(a)(1))**. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that there are more than 100 people who satisfy the definition of the Class.

41. **Existence of Common Questions of Law and Fact (Rule 23(a)(2))**. Common questions of law and fact exist as to Plaintiff and the Class Members including, but not limited to, the following:

a. Whether Bumble possessed Plaintiff's and the Class Members' biometric identifiers or biometric information without first developing a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with Bumble, whichever occurs first.

b. Whether Bumble collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's and the Class Members' biometric identifier or biometric information, without first: (1) informing Plaintiff and the Class Members in writing that a biometric identifier or biometric information is being collected or stored; (2) informing Plaintiff and the Class Members in writing of the specific purpose and length of term for which their

biometric identifier or biometric information was being collected, stored, and used; and (3) receiving a written release executed by Plaintiff and the Class Members

    c.  Whether Bumble sold, leased, traded, or otherwise profited from Plaintiff's and the Class Members' biometric identifier or biometric information.

    d.  Whether Bumble disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric identifiers or biometric information (1) without Plaintiff's and the Class Members' consent; (2) without Plaintiff's and the Class Members' authorization to complete a financial transaction requested or authorized by Plaintiff and the Class Members; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

    e.  The damages sustained and the proper monetary amounts recoverable by Plaintiff and the Class Members.

    42.  **Typicality (Rule 23(a)(3))**. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, had her biometric identifiers and biometric information collected, retained or otherwise possessed by Bumble without Bumble adherence to the requirements of BIPA as detailed herein.

    43.  **Adequacy (Rule 23(a)(4))**. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions.

    44.  **Injunctive and Declaratory Relief (Rule 23(b)(2))**. Class certification of the Rule 23 claims is appropriate under Rule 23(b)(2) because Bumble acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

45. **Predominance and Superiority of Class Action (Rule 23(b)(3))**. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over questions affecting only individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Bumble common and uniform policies and practices illegally deprived Plaintiff and the Class Members of the privacy protections which BIPA seeks to ensure; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Bumble practices.

46. Plaintiff intends to send notice to all Class Members to the extent required by Fed. R. Civ. P. 23.

## COUNT ONE: VIOLATION OF 740 ILCS § 14/15(a)

47. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48. A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in

possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines. 740 ILCS § 14/15(a).

49. Bumble scanned Plaintiff's and the Class Members' "selfie" photographs, creating a biometric template of the Plaintiff's and the Class Members' faces which qualifies as biometric information as defined by BIPA.

50. At the time of collecting and retaining Plaintiff's and the Class Members' biometric information, Bumble had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Bumble, whichever occurs first.

51. Ostensibly, the purpose Bumble collection of Plaintiff's and the Class Members' biometric information was to verify Plaintiff's identity prior to opening a Bumble account in Plaintiff's name.

52. As such, Plaintiff's and the Class Members' biometric information should have been permanently destroyed by Bumble following the opening of Plaintiff's Bumble account.

53. However, Bumble failed to permanently destroy Plaintiff's and the Class Members' biometric identifiers and biometric information following the opening of Plaintiff's and the Class Members' Bumble accounts and instead retained Plaintiff's and the Class Members' biometric information.

54. As such, Bumble's retention of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

## COUNT TWO: VIOLATION OF 740 ILCS § 14/15(b)

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

> (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative. 740 ILCS § 14/15(b).

57. Bumble did not inform Plaintiff and the Class Members in writing that Bumble was collecting or storing her biometric information.

58. Instead, Bumble simply instructed Plaintiff and the Class Members to upload their "selfies" as part of the overall account opening process.

59. In fact, Bumble made no mention of biometric information, collection of biometric information, or storage of biometric information.

60. Moreover, Bumble did not inform Plaintiff and the Class Members in writing of the specific purpose and length of term for which her biometric information as being collected, stored, and used.

61. Bumble collected, stored, and used Plaintiff's biometric information without ever receiving a written release executed by Plaintiff which would consent to or authorize Bumble to do the same.

62. As such, Bumble's collection of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(c).

## COUNT THREE: VIOLATION OF 740 ILCS § 14/15(d)

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless:

> (1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure;
>
> (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative;
>
> (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or
> (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. 740 ILCS § 14/15(d).

65. While discovery will ascertain all of the ways in which Bumble disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric information, Bumble's Privacy Policy goes on to list multiple broad categories of third parties to which it discloses users' personal information, including biometric information, and the basis for which they collect said information:

| Purpose for which data is used | Data | Source | Legal basis |
|---|---|---|---|
| To provide you with the Bumble social networking service | Name, email address, date of birth, location (CCPA Categories A and B) | You provide your name, email address and date of birth to us. We | Contractual necessity |

| | | obtain location data from the device that you use to access the service | |
|---|---|---|---|
| To facilitate networking opportunities on the Bumble App | Optional information that you choose to provide in your profile, including through profile verification, or adding Bumble badges, which may include information about your sexual preferences, non-binary gender, religion, ethnic background, photos, interests, etc. (CCPA Categories B, C, H, I, J) | You provide this information to us | Contractual necessity and our legitimate interests – it is in our legitimate interests to facilitate networking opportunities in the Bumble app. For special category/sensitive personal data, we rely on your explicit consent. |
| To verify your identity and prevent fraud and to ensure the safety and security of Users | Phone number and if requested or permitted, photo provided as part of profile verification and for users based in countries where age verification is required by law: photo of Government ID + geolocation and device information (CCPA Categories A, B, C, E, F, G and H) | You provide this information to us, except for the geolocation and device information, which we obtain from the device that you use to access the service | Legitimate interests – it is in our legitimate interests to ensure that accounts are not set up fraudulently and to safeguard Users of the site |
| To take payment for premium services (not applicable for Users making payments via the Apple App Store) | Payment card details (CCPA Categories B and D) | You provide this information to us | Contractual necessity |
| To send you marketing information about our events, offers and services | Name, email address, postal address, Instagram handle and mobile phone number (CCPA Categories A and B) | You provide this information to us | Consent or legitimate interests and in accordance with the laws applying |

| | to our marketing activities. We have a legitimate interest in promoting our business and products |
|---|---|

66. Bumble's disclosures, redisclosures, or otherwise disseminating of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(d).

**WHEREFORE**, individually, and on behalf of the Class Members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to Fed. R. Civ. P. 23 appointing the undersigned counsel as class counsel; (2) a declaration that Bumble has violated BIPA, 740 ILCS 14/1 *et seq.*; (3) statutory damages of $5,000.00 for each intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Bumble's violations of BIPA were negligent; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief deemed appropriate in the premises.

## **DEMAND FOR JURY TRIAL**

Plaintiff and the Class members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

Dated:  October 20th, 2023          Respectfully submitted,

                                                                    s/ *Michael L. Fradin*
                                                                    Michael L. Fradin, Esq.
                                                                    8 N. Court St. Suite 403
                                                                    Athens, Ohio 45701

Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
Simon Law Co.
11 ½ N. Franklin St.
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com